975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth D. LUZAK, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3113.
 United States Court of Appeals, Federal Circuit.
 July 15, 1992.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board, Docket No. NY07529110246, dismissing Kenneth D. Luzak, Jr.'s appeal as untimely, is affirmed. The facts establish that Luzak failed to appeal his suspension within the board's twenty day time limit set out at 5 C.F.R. § 1201.22(b) (1991). Accordingly, the only issue before us is whether the board abused its discretion in failing to waive the time limit for good cause. See id. §§ 1201.12, 1201.22(c). We do not consider arguments on the merits of the appeal, or constitutional arguments not properly raised before the board. See Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1985).
 
 
 2
 Luzak contends that he demonstrated good cause for waiver of the filing deadline because the agency failed to advise him of his appeal rights as required by 5 C.F.R. § 1201.21 (1991). See Shiflett v. U.S. Postal Service, 839 F.2d 669, 674 (Fed.Cir.1988). He states the record "is devoid of any evidence or sworn statements to corroborate the Agency's compliance with ... each and every one of the rights due him pursuant to [the regulation]...." To the contrary, we see substantial evidence of proper notice. Although the appendix attached to Luzak's informal brief does not contain page two of the original notice of suspension, the government's appendix provides the allegedly missing page. This demonstrates adequate notice as required by 5 C.F.R. § 1201.21, despite contrary arguments. Luzak's accusation that the MSPB "has attempted to slip this [page] into the record" is unfounded; the government's appendix is consistent with the board's original record.* Indeed, in a document filed with the board, Luzak concedes that the agency "provided [him] with part (a) of 5 CFR 1201.21."
 
 
 3
 Luzak also contends that the administrative judge erred because for the seven month period following his acquittal, he was allegedly engaged in negotiations with Customs for his return to work. In discussing whether Luzak demonstrated good cause to waive the time limit, the administrative judge said:
 
 
 4
 The Board has held that an appellant may await the outcome of an indictment and, if the case is favorable, file an appeal to obtain reinstatement.... Some delay after the dismissal of the indictment or acquittal is permissible when, as in the present case, appellant and his then counsel, attempted to obtain an agreement on the part of the agency to reinstate him. [Citation omitted.]
 
 
 5
 However, per the administrative judge, "[i]n the present case, appellant in waiting over seven months after his acquittal in which to file his appeal demonstrated lack of due diligence by his delay. Appellant has shown no circumstances beyond his control which affected his ability to comply with the time limit."
 
 
 6
 Waivers of the time limit are committed to the board's discretion, and we will not substitute our judgment for the board's. Phillips v. U.S. Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). Our review is limited to whether the decision not to waive was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437 (Fed.Cir.1986). We discern no error in the administrative judge's decision.
 
 
 
 *
 We do not consider Luzak's arguments concerning the facsimile dates appearing on the notice of suspension. These arguments were not raised before the board, and were raised for the first time before this court in the reply brief